**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10422 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00055-GMS-1 |
| v. | |
| CRISTOBAL REYES-RODRIGUEZ, AKA Christobal R/Reyes, AKA Christobal R. Reyes, AKA Cristobal Reyes Rodriguez, AKA Christabal Rodriguez, AKA Cristobal Rodriguez Reyes, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10423 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00415-GMS-1 |
| v. | |
| CRISTOBAL REYES-RODRIGUEZ, AKA Cristobal Reyes Rodriguez, AKA Christobal Reyes-Rodriguez, | |
| Defendant-Appellant. | |

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted June 17, 2021
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

Cristobal Reyes-Rodriguez appeals his jury conviction and sentence for reentry as a removed alien in violation of 8 U.S.C. § 1326. Reyes-Rodriguez was previously convicted of multiple felonies and twice removed from the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Reyes-Rodriguez claims that the district court committed plain error by failing to offer a *sua sponte* instruction to the jury on derivative citizenship. *See* 8 U.S.C. § 1401(g). A citizen of the United States is not an alien and therefore cannot be convicted of illegal reentry under 8 U.S.C. § 1326. 8 U.S.C. § 1101(a)(3); *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 721–22 (9th Cir. 2011). At trial, however, Reyes-Rodriguez himself stated that he was not a citizen of the United States upon questioning by his counsel. While Reyes-Rodriguez did testify that his father had become a naturalized U.S. citizen, he did not offer any evidence about his age at the time of his father's naturalization or any other information relevant to the derivative citizenship inquiry. The district court

therefore did not commit plain error by failing to instruct the jury on derivative citizenship. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1192–93 (9th Cir. 2011) (holding that no jury instruction required when "the trial record contains nothing more than a mere scintilla of evidence of derivative citizenship").

Reyes-Rodriguez also claims that the district court erred by refusing to grant him a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). As the Application Notes explain, this reduction is generally "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. 2. The district court appropriately found that Reyes-Rodriguez's brief post-trial statement to the court was untimely and did not merit departure from this general rule.

**AFFIRMED.**